UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LAKI L. JOHNSON,

    Plaintiff,

v.

CURATIVE, INC.,

    Defendant,
_____/

## COMPLAINT

The Plaintiff LAKI L. JOHNSON sues Defendant CURATIVE, INC and alleges:

### INTRODUCTION

1. This is an action by Plaintiff LAKI L. JOHNSON, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, CURATIVE, INC's discriminatory and retaliatory treatment on the basis of race.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, Florida.

## PARTIES

4. Plaintiff LAKI L. JOHNSON ("Johnson" or "Plaintiff"), is a resident of Miami-Dade County, Florida, who was employed by Defendant CURATIVE, INC. At the time of her employment with Defendant resided in Miami-Dade County and as a black woman is a member of certain classes of protected persons.

5. Corporate Defendant CURATIVE, INC ("Curative or "Defendant"), is a corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court. Curative is, and at all times relevant was, a business whose activity affected interstate commerce.

## PROCEDURAL REQUIREMENTS

**6.** All conditions precedent to this action have been fulfilled. Plaintiff dual-filed two Charges of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about November 4, 2021, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by the Plaintiff on, or about November 4, 2021. ***See* composite Exhibit "A."**

## STATEMENT OF FACTS

7. Plaintiff is a Black woman who was employed by Defendant from December

13, 2020, until her wrongful termination on March 20, 2021, and was pregnant during her employment.

8. Plaintiff was employed as a test specialist and occasionally as a site lead.

9. The primary role of her job was to instruct patients on how to properly administer their Covid-19 test.

10. During her employment Plaintiff experienced discrimination, and observed discriminatory behavior towards other Black individuals, by her supervisors David Mendoza and Christian Lucas.

11. For example, on one occasion Plaintiff and her team entered Liberty City, a predominantly Black neighborhood, and Mr. Mendoza commented that we better lock our doors because we are in a bad neighborhood.

12. When Plaintiff questioned him about it, he followed up by saying, "let's be honest this is a bad neighborhood," then he said something about crime rates.

13. During Plaintiff's employment, Mr. Mendoza never made similar comments about any non-black neighborhoods.

14. The team mostly worked in Key Biscayne, a predominately White neighborhood, but when Black people came for testing, even before they got in line both Mr. Lucas and Mr. Mendoza would say that this one was for Plaintiff or Miriam, the only other Black person working on the team.

15. Mr. Lucas and Mr. Mendoza never dealt with the Black patients, although they had no problem serving non-Black patients.

16. Messrs. Mendoza and Lucas would regularly speak negatively about Plaintiff to each other, and to patients in Spanish.

17. Plaintiff had patients who spoke Spanish come to me and her teammate and tell them what Mr. Lucas and Mr. Mendoza were saying.

18. They would call Plaintiff "ghetto," make comments about her pregnancy, her weight, and about other black people.

19. However, when they heard one of her co-workers speaking Creole, Mr. Lucas would comment "I don't get mad when y'all speak y'alls language."

20. Mr. Mendoza would even comment to other managers that "how loud and ghetto Plaintiff [was] is unprofessional." During the workday, the Defendant would provide the team money to eat lunch, but Mr. Lucas and Mr. Mendoza would insist that they all ordered food from the same location, which would always be a Hispanic restaurant.

21. Whenever Plaintiff would suggest that they go to a Creole, Jamaican, or soul food restaurant Messrs. Mendoza and Lucas would always make comments such as the food is too heavy, or too greasy, and Mr. Mendoza even said it was against his religion.

22. On one occasion, Mr. Lucas randomly announced that he did not want Plaintiff to think he was coming after her. He said he did not have anything against religion or Blacks, then added that he had family members that are Christian and are Black. Mr. Mendoza then agreed with him.

23. Additionally, Plaintiff observed Hispanic employees receiving preferential treatment compared to other non-Hispanic employees.

24. For example, Hispanic individuals on the team regularly used their phones while on duty, and took bathroom breaks longer than 20 minutes.

25. However, anytime a Black employee took a bathroom break Messrs. Mendoza and Lucas would watch the clock and reprimand the employee if they believed it

took too long.

26. Further, anytime that changes to the schedule needed to be made they would ask the Hispanic employees their opinions first, Miriam and Plaintiff would always be the last ones asked.

27. When Mr. Lucas found out that Plaintiff was pregnant, he commented that he would like to be her child's godfather, but then added that "[he] hope[d] [her] child won't feel out of place being around us Spanish people."

28. He then mentioned that he never dated outside of his race but that his wife was built like Plaintiff as far as size and hair.

29. Mr. Lucas then said, "I don't know if I should say this, but they say once you go Black you never go back.

30. On, or about, March 16, 2021, Plaintiff complained to Defendant's regional manager about Messrs. Mendoza and Lucas, via email.

31. On March 20, 2021, Plaintiff was terminated for having unexcused absences and tardiness, both of which were untrue.

32. In fact, on the date of her termination Plaintiff was told by HR that she was being written up by her supervisors for being a no call/no show while she was actually at work.

33. Additionally, Plaintiff was accused of using profanity in front of patients, which once again, is not true.

34. Prior to her termination, Plaintiff had never received a warning or discipline of any kind regarding these alleged violations.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. Plaintiff is a member of a protected class of black citizens.

37. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

38. During Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her race, as more fully described in paragraphs 7-34 of this Complaint.

39. The offensive and discriminatory conduct referred to in paragraphs 7-34 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

40. Plaintiff was terminated on, or about, March 20, 2021.

41. Defendant's decision to discriminate against, and ultimately terminate

Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in Defendant's decision to discriminate against Plaintiff.

42. The Plaintiff was qualified for the position.

43. Any alleged nondiscriminatory reason for terminating Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the discriminatory treatment.

44. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to her race. The discrimination based on race constitutes unlawful discrimination.

45. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

46. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LAKI L. JOHNSON respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

    e) Award Plaintiff punitive damages according to proof;

    f) Award Plaintiff reasonable costs and attorney's fees; and

    g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760; DISCRIMINATION BASED ON RACE

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 and above as if set out in full herein.

49. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

50. Plaintiff is a member of a protected class of black citizens

51. Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

52. At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was black.

53. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

54. The Plaintiff was qualified for the position apart from her apparent race.

55. The Plaintiff was discriminated against by her supervisors David Mendoza and Christian Lucas because she was black.

56. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

57. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

58. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

59. Plaintiff was wrongfully terminated by the Defendant and Plaintiff's treatment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

61. Any alleged nondiscriminatory reason for the Plaintiff's treatment asserted by Defendant is a mere pretext for the actual reason, Plaintiff's race.

62. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination based on race constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LAKI L. JOHNSON respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT III:**
**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION**

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 and above as if set out in full herein.

65. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter.*" 42 U.S.C. § 2000e-3(a) (emphasis added).

66. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

67. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

68. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

69. While employed by Defendant, Plaintiff complained to Defendant's human resources department about the conduct of her supervisors David Mendoza and Christian Lucas as alleged in paragraphs 7-34 was subsequently subjected terminated only four days later.

70. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

71. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

72. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

73. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

74. As a result of the retaliation, Plaintiff has incurred substantial monetary losses

and has suffered emotional distress, embarrassment, and humiliation.

75. Defendant's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LAKI L. JOHNSON respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 and above as if set out in full herein.

77. While employed by Defendant, Plaintiff complained to Defendant's human resources department about the conduct of her supervisors David Mendoza and Christian Lucas as alleged in paragraphs 7-34 was subsequently terminated.

78. Merely four days after her engagement in protected activity, Plaintiff was terminated.

79. The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for her protected activity under the FCRA.

80. As a direct and proximate result of the retaliation against Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff LAKI L. JOHNSON respectfully requests that this court order the following:

   a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

   b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

   c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

   d) Award Plaintiff prejudgment interest on her damages award;

   e) Award Plaintiff punitive damages according to proof;

   f) Award Plaintiff reasonable costs and attorney's fees; and

   g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: VIOLATION OF 42 U.S.C. § 1981

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this Complaint as if set out in full herein.

82. Plaintiff is a member of a protected class of black citizens.

83. At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

84. During the course of Plaintiff's employment with the Defendant, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

85. During Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as have non-black employees of the Defendant.

86. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 7-34 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

87. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 7-34, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

88. Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff based on Plaintiff's race.

89. During Plaintiff's employment with the Defendant, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 7-34 of this Complaint.

90. The Defendant, at all times, had knowledge of the discriminatory acts and conduct by Plaintiff's supervisors David Mendoza and Christian Lucas described in this Complaint.

91. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

92. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff LAKI L. JOHNSON respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b) Award Plaintiff actual damages suffered;

c) Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered;

d) Award Plaintiff prejudgment interest on his damages award;

e) Enjoin the Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 2, 2022.

Respectfully submitted,

By: _s/ Brandon J. Gibson_

Brandon J. Gibson, Esq.
Fla. Bar No.: 99411
bgibson@bjglawfirm.com
The Law Office of Brandon J. Gibson, PLLC
3800 Inverrary Blvd., Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (844) 761-1555